UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**WINNER DAWAN MATE,**

    **Plaintiff,**

    v.

                               **Civil Action 2:14-cv-747**
                               **Judge Peter C. Economus**
                               **Magistrate Judge Elizabeth P. Deavers**

**GARY MOHR,** *et al.*,

    **Defendants.**

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff, Winner Dawan Mate, an Ohio resident and former inmate who is proceeding without the assistance of counsel, brings this action under 42 U.S.C. § 1983. Plaintiff alleges that the various Defendants violated his Fourth and Fourteenth Amendment rights by imposing a sentence of post-conviction control in 2006. This matter is before the Court for consideration of Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 1.) The Motion is **GRANTED**. Accordingly, it is **ORDERED** that judicial officers who render services in this action shall do so as if the costs had been prepaid.

This matter is also before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this action pursuant to § 1915(e)(2) for failure to state a claim upon which relief can be granted.

**I.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \*   \*   \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual

---

[1] Formerly 28 U.S.C. § 1915(d).

2

demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at \*2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

## II.

Plaintiff first brought suit against Defendants Ohio Rehabilitation and Correctional, Ohio Parole Authority, Jamie Gentene, Gabriel Richardson, and the City of Toledo in 2012 (the "2012 Case"). In the 2012 Case, Plaintiff asserted the same claims challenging the imposition of his 2006 sentence of post-conviction control. There, the Magistrate Judge recommended dismissal for failure to state a plausible claim for relief under 28 U.S.C § 1915(e)(2). *Mate v. Ohio Rehab.*

*and Corr., et al.*, No. 2:12-cv-00834 (S.D. Ohio Sept. 17, 2012). The Magistrate Judge provided a variety of reasons for recommending dismissal. First, the Magistrate Judge noted that some of the Defendants could not be sued for damages in federal court because they were immune from such suits under the Eleventh Amendment of the United States Constitution. Next, the Magistrate Judge concluded that Plaintiff's action was barred under the Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 477 (1994) that "no § 1983 cause of action for money damages arising out of an allegedly unlawful incarceration exists unless and until the underlying sentence or conviction is legally eliminated." *Mate* at 3. The Magistrate Judge noted that "[i]f this Court were to find that his post-release control had ever been illegally revoked, that ruling would call into question the validity of an underlying state criminal decision . . . and that is exactly the type of decision which *Heck v. Humphrey* forbids." *Id.* at 4. Finally, the Magistrate Judge concluded that Plaintiff's claims accrued in 2006 and the two-year statute of limitations for filing cases under 42 U.S.C. § 1983 had passed. The Court adopted the Magistrate Judge's Report and Recommendation in its entirety. *Mate v. Ohio Rehab. and Corr., et. al.*, No. 2:12-cv-00834, 2012 WL 5269193, at *3 (S.D. Ohio Oct. 24. 2012). Plaintiff attempted to appeal this case to the United States Court of Appeals for the Sixth Circuit. The Court, however, dismissed the appeal for failure to prosecute on July 31, 2013. (ECF No. 13.)

Plaintiff's current Complaint appears to be an attempt to remedy the deficiencies identified by the Court in his 2012 case. Although much of the Complaint is taken verbatim from the action filed in 2012, Plaintiff makes a few changes. First, instead of naming state agencies and the City of Toledo as Defendants, Plaintiff brings the current action against the directors of those entities in their official capacities. Next, Plaintiff adds a paragraph in his Complaint indicating that the *Heck v. Humphrey* holding does not apply in his case because of

4

his psychological condition. Finally, in terms of relief, Plaintiff seeks $200 million in damages instead of the $100 million he previously requested.

### III.

The Undersigned concludes that the doctrine of *res judicata* or claim preclusion operates to bar Plaintiff's claims. Under the doctrine of *res judicata* or claim preclusion, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. U.S.*, 440 U.S. 147, 153 (1979). The United States Court of Appeals for the Sixth Circuit has instructed that *res judicata* requires proof of the following four elements: "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Bragg v. Flint Bd. of Educ.* (6th Cir. 1995). "The purpose of *res judicata* is to promote the finality of judgments, and thereby increase certainty, discourage multiple litigation, and conserve judicial resources." *Westwood Chemical Co. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981).

In the instant action, Plaintiff simply reasserts the same claims, causes of action, and injuries arising out of the same facts that he alleged in the 2012 Case. The Court made no assertion that its dismissal of Plaintiff's previous case was without prejudice. Thus, the dismissal of Plaintiff's claims pursuant § 1915(e) in the 2012 Case was a dismissal *with* prejudice, *i.e.*, a final decision on the merits. *See Burton v. Cleveland Ohio Empowerment Zone*, 102 F. App'x 461, 463 (6th Cir. 2004) (citing *Denton v. Hernandez*, 504 U.S. 25, 34 (1992) (stating that a court's dismissal of a "complaint pursuant to the provisions of § 1915(e) . . . constitutes an adjudication on the merits for purposes of *res judicata*"); *Smith v. Morgan*, 75 F. App'x 505, 507 (6th Cir. 2003) (same).

5

The Undersigned acknowledges that in the instant action, Plaintiff makes a few minor changes to his 2012 Complaint. Nevertheless, his claims in the instant case are duplicative of the claims he raised in the 2012 given that the claims arose out of the same alleged events. *See Wilkins v. Jakeway*, 183 F.3d 528 (6th Cir. 1999) (discussing the applicability of *res judicata* in situations arising from the same factual situation, regardless of whether the plaintiff offers different theories of the case). In sum, the Undersigned concludes that the doctrine of *res judicata* operates to bar Plaintiffs § 1983 claims in the instant action. Based upon this conclusion, the Undersigned recommends dismissal of his claims pursuant to § 1915(e)(2). *See Murray v. Reed*, 69 F. App'x 246, 247 (6th Cir. 2003) (affirming trial court's dismissal of complaint pursuant to § 1915(e)(2) based upon the doctrine of *res judicata*).[1]

## IV.

For the reasons set forth above, it is **RECOMMENDED** that the Court **DISMISS** this action pursuant to § 1915(e)(2) for failure to state a claim upon which relief can be granted. The Clerk is **DIRECTED** to send a copy of this order to the Ohio Attorney General's Office, 150 E. Gay St., 16th Floor, Columbus, Ohio 43215.

### PROCEDURE ON OBJECTIONS

If Plaintiff seeks review by the District Judge of this Report and Recommendation, he may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

---

[1] Even if the claims were not barred by the doctrine of *res judicata*, they are subject to dismissal for the reasons the Court declared in the 2012 Case.

Plaintiff is specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).


Date:  July 11, 2014                                         /s/ *Elizabeth A. Preston Deavers*
                                                                              Elizabeth A. Preston Deavers
                                                                              United States Magistrate Judge