# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **WINNER DAWAN MATE,** | |
| **Plaintiff,** | **Case No. 2:14-cv-747** |
| **v.** | **Judge Peter C. Economus** |
| **GARY MOHR,** *et al.* | **MEMORANDUM OPINION AND ORDER** |
| **Defendants.** | |

Plaintiff Winner Dawan Mate, a prisoner proceeding *pro se*, brought this case alleging that Defendants violated his Fourth and Fourteenth Amendment rights by imposing a sentence of post-conviction control in 2006. In an Order and Report and Recommendation dated July 11, 2014, the Magistrate Judge granted Plaintiffs' motion to proceed *in forma pauperis* and recommended that the case be dismissed under 28 U.S.C. §§ 1915(e)(2). Section 1915(e)(2) provides that "the court shall dismiss the case . . . if . . . the action . . . (i) is frivolous or malicious [or] (ii) fails to state a claim on which relief may be granted." The Magistrate Judge found that the action is barred by *res judicata*, as this case essentially duplicates a previous case before this Court, case number 12-cv-834 (the "2012 Case"):

> In the instant action, Plaintiff simply reasserts the same claims, causes of action, and injuries arising out of the same facts that he alleged in the 2012 Case. The Court made no assertion that its dismissal of Plaintiff's previous case was without prejudice. Thus, the dismissal of Plaintiff's claims pursuant § 1915(e) in the 2012 Case was a dismissal with prejudice, i.e., a final decision on the merits.

(Dkt. 3 at 5 (citing *Burton v. Cleveland Ohio Empowerment Zone*, 102 F. App'x 461, 463 (6th Cir. 2004) (dismissal of a complaint under § 1915(e) constitutes an adjudication on the merits for purposes of *res judicata*) (citing *Denton v. Hernandez*, 504 U.S. 25, 34 (1992) (holding that the dismissal of an *in forma pauperis* complaint for frivolousness under § 1915 can "have a *res*

*judicata* effect on frivolousness determinations for future *in forma pauperis* petitions")); *Smith v. Morgan*, 75 F. App'x 505, 507 (6th Cir. 2003)).)  On July 25, 2014, Plaintiff requested review by the District Judge.

Plaintiff first argues that, because the order dismissing the 2012 Case did not specify "with prejudice," it is presumed to be without prejudice, and *res judicata* does not apply.  In the absence of language specifying otherwise, however, the 2012 Case was dismissed with prejudice.  Federal Rule of Civil Procedure 41(b) provides that "[u]nless the dismissal order states otherwise, a dismissal under this subdivision (b) *and any dismissal not under this rule—* except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19— operates as an adjudication on the merits."  (Fed. R. Civ. P. 41(b) (emphasis added).)

Arguing the merits of his case, Plaintiff also objects to the language on page one of the Report and Recommendation which states that the action is recommended for dismissal due to failure to state a claim.  However, because *res judicata* bars his complaint, the Court cannot reach the merits of his claims.

Plaintiff also argues that *res judicata* does not apply because the Sixth Circuit appeal of the 2012 Case was dismissed for want of prosecution, which he asserts is without prejudice to refiling.  However, the dismissal of his appeal, and his ability or inability to refile that appeal, have no bearing on the application of *res judicata* to subsequent cases filed in this Court.

Finally, Plaintiff argues that the state officials named as defendants cannot claim immunity.  As discussed above, however, because *res judicata* bars his complaint, the Court cannot reach the merits of his claims.

Upon *de novo* review in accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court finds that the Magistrate Judge correctly determined that Plaintiff's complaint is barred by *res judicata*. Therefore, the Court hereby **ADOPTS** the Report and Recommendation (Dkt. 3) and **DISMISSES** this case. The Court directs the Clerk to enter judgment.

    **IT IS SO ORDERED.**

UNITED STATES DISTRICT JUDGE